UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | CASE NO.  1:25-cv-00290 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MANASSEH JORDAN MINISTRIES, | ) | **MEMORANDUM OPINION** |
| INC., *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are Plaintiff Bryan Anthony Reo's ("Reo") Brief in Response to Order

to Show Cause (Doc. 6) and Motion for Order Permitting Service by Publication.  (Doc. 7.)  For

the reasons stated herein, Reo's Motion for Order Permitting Service by Publication is DENIED.

All claims against Defendants Aaron Jordan ("Jordan"), Steven Sledge ("Sledge"), Yakim

Manasseh Jordan ("Manasseh Jordan"), and Manasseh Jordan Ministries, Inc. ("Manasseh

Jordan Ministries") are DISMISSED without prejudice for failure to timely effect service of

process.

## I.     BACKGROUND

### A.     Reo Receives Telemarketing Calls from Manasseh Jordan Ministries

Between February 13, 2021, and September 19, 2023, Reo received 351 phone calls from

Manasseh Jordan Ministries (also known as Kingdom Ministries Church, Inc. and Bullion

Fitness, Inc.), a company owned by Manasseh Jordan.  (Doc. 1 at ¶¶ 6, 375.)[1]  Each call

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF
document and PageID# rather than any internal pagination.  Complaint citations are to the
internal paragraph notations.

consisted of a pre-recorded artificial voice that contained "religious messages, spiritual jargon, and attempts to solicit 'donations'" with the promise that Reo will receive various gifts depending on the amount donated.  (*Id.* at ¶ 373.)  These calls routinely came during the late hours of the night, impacting his sleep and focus.  (*Id.* at ¶ 384.)  Reo's cell phone number is listed on the National Do Not Call Registry and remained on the list throughout the relevant time period.  (*Id.* at ¶ 371.)

Manasseh Jordan Ministries does business with a "shell company" called MJ Ministries Spreading the Gospel, Inc. ("MJ Ministries") that is operated by Sledge and Jordan.  (*Id.* at ¶ 8.)

### B.      Procedural History

Reo brings this suit against each of these individuals and corporate entities (collectively "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"), the Ohio Telephone Solicitation Sales Act, the Ohio Consumer Sales Practices Act, nuisance *per se*, and trespass to chattel.  (*Id.* at ¶¶ 418-66.)  He further alleges statutory criminal liability against Defendants for telecommunications harassment under Ohio R.C. § 2917.21.  Reo also seeks injunctive relief and over $4 million in damages, including punitive damages.  (*Id.* at ¶¶ 474-83.)  The complaint was filed on February 13, 2025.

On May 11, 2025, he filed a Certificate of Acknowledgement of Service ("Certificate") for MJ Ministries, which was produced by the Secretary of State of Georgia.  (Doc. 5.)  This Certificate contained an attachment showing a process server was unable to execute service on MJ Ministries prior to Reo perfecting service through the Secretary of State.  (Doc. 5 at 91.)

On May 15, 2025, the Court entered an Order allowing Reo ten days in which to show service was perfected or "demonstrate good cause why service was not perfected" in accordance with the Federal Rules.  (*See* May 15, 2025, Order.)  On May 20, 2025, Reo filed a Brief in

Response to Order to Show Cause Regarding Service Status ("Brief"), attaching documentation from process servers showing service was unexecuted on Manasseh Jordan and Jordan.  (*See* Doc. 6.)  Reo attempted service on these Defendants in March and April 2025.  (*Id.* at 151-153.)  He never attempted service on Sledge or Manasseh Jordan Ministries.  Reo also stated his intention to request court-authorized service by publication on Manasseh Jordan Ministries, Manasseh Jordan, Jordan, and Sledge.  (*Id.* at 146-48.)  Reo did not request an extension to perfect service, but claimed he would pursue service by publication within 14 days of the Court granting his forthcoming motion.  (*Id.* at 148.)

On June 3, 2025, Reo filed a Motion for Order Permitting Service by Publication on Certain Defendants ("Motion"), requesting service by publication on Jordan and Sledge in Georgia and Manasseh Jordan and Manasseh Jordan Ministries in Florida.  (Doc. 7 at 156-57.)  He also requested service by "certified letters with tracking, but no signature requirement" on Manasseh Jordan and Manasseh Jordan Ministries at a New York address.  (*Id.* at 158.)

Notably, Reo's only attempts at locating and serving Defendants has been through an address on a corporate filing in Georgia for MJ Ministries and a 2016 Citation and Order ("Citation") by the FCC sent to Manasseh Jordan Ministries and Manasseh Jordan.  (Doc. 2; Doc. 6 at 147-48.)  Paragraph 21 of the Citation lists multiple New York addresses for Manasseh Jordan Ministries and Florida addresses for Manasseh Jordan.  (Doc. 2 at 60.)  The corporate filing for MJ Ministries that Reo attached to his Brief lists Jordan as an officer.  (Doc. 6-4 at 154.)  He claims Sledge was listed on a previous filing for MJ Ministries that listed the same address.  (Doc. 6 at 148.)  He has also located a previous defense attorney for Manasseh Jordan, but this individual is unable to represent Manasseh Jordan and certain unspecified Defendants in

this case and could not act as an agent for service.  (Doc. 6 at 147-48.)  No other efforts to locate

Defendants has been documented by Reo or is reflected in the record.

## II.     LAW AND ANALYSIS

### A.     Rule 4(m) and Good Cause

Rule 4(m) provides that a plaintiff must serve a defendant with a summons and copy of

the complaint within 90 days after the complaint is filed.  *See* FED. R. CIV. P. 4(m).  Rule 4(m)

further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

*Id.*  "If a plaintiff demonstrates good cause for the failure to timely serve process, the court must

extend the time for service."  *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565,

568 (6th Cir. 2022).  However, "if the plaintiff has not shown good cause, the court must either

(1) dismiss the action or (2) direct that service be effected within a specified time."  *Stewart v.

Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000).

"Good cause necessitates a demonstration of why service was not made within the time

constraints."  *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  "[C]ounsel's

inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does

not constitute good cause."  *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Nor do cases "in which a defendant is not prejudiced."  *Moncrief v. Stone*, 961 F.2d 595, 597

(6th Cir. 1992).  "In general, good cause means 'a reasonable, diligent effort' at proper service."

*Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 U.S. App. LEXIS 23854, 2022 WL

3643339, at *4 (6th Cir. Aug. 24, 2022) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th

Cir. 2021)).  "Plaintiff bears the burden to establish good cause."  *Habib*, 15 F.3d at 73.

Good cause can be shown "when the defendant intentionally evades service of process," *Friedman*, 929 F.2d at 1157, or when service is not perfected due to court error.  *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996).  Good cause is also found where a *pro se* plaintiff suffers from a serious illness.  *Habib*, 15 F.3d at 73-75.  "Common in all these examples is that something outside the plaintiff's control prevents timely service."  *Savoie*, 2022 WL 3643339, at *4.

On May 15, 2025, the Court ordered Reo to "show service was perfected or demonstrate good cause why service was not perfected in accordance with Federal Rule of Civil Procedure 4(m)" for Manasseh Jordan Ministries, Manasseh Jordan, Sledge, and Jordan.  (*See* May 15, 2025, Order.)  The Court cautioned that "[f]ailure to do so will result in this case being dismissed for failure to prosecute as to those [D]efendants."  (*Id.*)

In his Brief, Reo outlines his attempts at serving each Defendant.  After several unsuccessful attempts at serving Jordan and MJ Ministries at a Georgia address, Reo claims "[i]t is apparent that the Defendants go to great lengths to avoid being easily served process."  (*Id.* at 147.)  In support, he argues the address listed on a corporate filing for MJ Ministries is false because the process server discovered it was an apartment and the occupant "has never heard of the business entity."  (*Id.*)  To Reo, this means Defendants "have taken active measures to undermine being served process."  (*Id.*)  Reo does not provide proof he attempted service on Manasseh Jordan Ministries or Sledge.

Reo bears the burden of showing that Defendants willfully evaded service.  *Breezley v. Hamilton Cnty*, 674 F. App'x 502, 506 (6th Cir. 2017).  He has not done so here.  Inability to locate a party, absent additional proof, does not demonstrate evasion of service.  *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (affirming trial court's dismissal of defendants

where plaintiff "had offered no evidence of evasion and had made no attempt to arrange for service by alternate means"). The fact that Reo could not serve MJ Ministries and Jordan at this Georgia address, without more, is not proof of evasion of service. Notwithstanding, Reo provided no proof Manasseh Jordan or Manasseh Jordan Ministries are evading service. He has also made no attempt to serve Sledge or Manasseh Jordan Ministries and therefore cannot claim they have evaded any of his attempts at service. Reo has not met his burden to show these Defendants have evaded service.

Reo has not demonstrated good cause for his failure to perfect service on the remaining Defendants.

**B.     Discretionary Extension to Effect Service Absent Good Cause**

A Court "retains discretion to grant an extension to effect service even if the plaintiff does not show good cause." *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, 2023 WL 6470733, at *3 (6th Cir. Mar. 1, 2023); *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). In such cases, Courts consider the seven factors outlined in *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). These factors are:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

Although Reo never filed a motion to extend time, Defendants would not be prejudiced

by an extension and Reo has brought forth proof some, if not all, have actual notice of this suit. (Doc. 6 at 147-48.) His state law claims against certain Defendants will also be time-barred if they are dismissed without prejudice. *See* Ohio R.C. § 4719.15(D) (establishing 2-year statute of limitations for Ohio Telephone Solicitation Sales Act); Ohio R.C. § 1345.10(C) (establishing 2-year statute of limitations for Ohio Consumer Sales Practices Act claims). Reo has made good faith efforts to serve some Defendants by hiring a process server and contacting an attorney that represented Manasseh Jordan in past litigation. (Doc. 6 at 146-48.)

In contrast, Reo has not made any efforts to serve Sledge or Manasseh Jordan Ministries. (*See* Doc. 6.) He is also a licensed attorney who is familiar with his obligations to locate Defendants, perfect service, and timely request an extension. He has brought similar TCPA suits in this District. *See Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 U.S. Dist. LEXIS 35596, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016); *Katz v. CrossCountry Mortg.*, LLC, No. 1:22-CV-00925, 2022 U.S. Dist. LEXIS 207417, 2022 WL 16950481 (N.D. Ohio Nov. 15, 2022). A careful balancing of the *Oakland Physicians* factors leads this Court to conclude that a discretionary extension for service is warranted.

Notwithstanding, Reo never requested an extension from the Court in his Brief or subsequent Motion. (*See* Docs. 6, 7.) "A request for a court order must be made by motion." FED. R. CIV. P. 7(b)(1). "Rule 7(b) requires a motion to (A) 'be in writing,' (B) 'state with particularity the grounds for seeking the order,' and (C) 'state the relief sought.'" *Moore v. Liewert*, No. 22-2056, 2023 U.S. App. LEXIS 21563, 2023 WL 8378827, at *3 (6th Cir. Aug. 16, 2023) (quoting FED. R. CIV. P. 7(b)). Reo's statement in his Brief that he will "order service by publication to begin no more [than] 14 days from the date of the signing of the order" granting his Motion does not meet this standard. (Doc. 6 at 148.) "Nothing in the Federal Rules

of Civil Procedure requires [a] district court to . . . review [a party's] requests until one is sufficient to qualify as a proper motion." *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853-54 (6th Cir. 2006).  "[A] party who seeks affirmative relief must file a motion seeking that relief; burying a request for relief in a [brief] is improper." *Waseleski v. City of Brooklyn*, No. 1:23-CV-548, 2024 U.S. Dist. LEXIS 172972, 2024 WL 4287834, at *6 (N.D. Ohio Sept. 25, 2024); *In re Chapman*, No. 24-60759, 2025 U.S. Dist. LEXIS 1372, 2025 WL 1617255, at * 4 (Bankr. N.D. Ohio June 6, 2025) (collecting cases where "embedded" motions made in responses are not proper).  The Court therefore declines to extend the service deadline.

For the above reasons, all claims against Defendants Aaron Jordan, Steven Sledge, Yakim Manasseh Jordan, and Manasseh Jordan Ministries, Inc. are DISMISSED without prejudice for failure to timely effect service of process.

## C.      Rule 4, Alternative Service, and Service by Publication

Proper service of process "is not some mindless technicality." *Friedman*, 929 F.2d at 1156.  "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).  "[S]ervice of a summons and complaint must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over a defendant." *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 103 (N.D. Ohio 2021).  Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

Under Rule 4(e)(1), an individual located in the United States may be served by following state law for serving a summons in the state where the district court is located or where service is made.  FED. R. CIV. P. 4(e)(1).  Rule 4(e)(2) additionally permits service by:

(A)  delivering a copy of the summons and of the complaint to the individual personally;

(B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).  Corporations may be served "in the manner prescribed by Rule 4(e)(1)" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ."  FED. R. CIV. P. 4(h)(1)(A)-(B).

Reo's Motion requests service by publication in Georgia on Sledge and Jordan; service by publication in Florida on Manasseh Jordan and Manasseh Jordan Ministries; and service by certified mail in New York on Manasseh Jordan and Manasseh Jordan Ministries.  (Doc. 7.) Each of Reo's requests fail under state law and the Federal Rules.

For individuals and corporations, the Federal Rules do not permit service by publication and certified mail.  *See* FED. R. CIV. P. 4(e); FED. R. CIV. P. 4(h).  Ohio law also does not permit service by publication for Reo's claims.  *See* Ohio R.C. § 2703.14 (outlining cases where service by publication is permitted).  While service by certified mail is authorized in Ohio, Reo requested to personally send "certified letters with tracking, but no signature requirement." (Doc. 7 at 158.)  This method of certified mail service is not permitted in Ohio.  *See* Ohio Civ. R. 4.1(A)(1) (permitting service by certified mail through a clerk and "requiring a signed receipt" or "return receipt signed by any person accepting delivery").

In Florida, Reo is unable to serve Manasseh Jordan and Manasseh Jordan Ministries by publication because he is statutorily barred from doing so.  *See* Florida Stat. § 49.011 (outlining cases where service by publication is permitted); Florida Stat. § 49.021 (permitting service by publication on individuals and corporations).  "The Florida statute sets forth [fifteen] types of actions in which service may be made by publication. . . . None of the categories involve a personal action for damages."  *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985).  For Reo's claims, service by publication is simply not permitted.  *Id.*

In Georgia, Reo has not followed the procedures required under Georgia law to permit service by publication on Sledge and Jordan.  "Under Georgia law, a court may grant an order for service by publication when the person upon whom service is to be made has departed from the state; cannot, after due diligence, be found within the state; or conceals himself to avoid service."  *Progressive Mountain Ins. Co. v. Rangel*, No. 3:17-CV-098-TCB, 2017 U.S. Dist. LEXIS 229270, 2017 WL 10087268, at *1 (N.D. Ga. Nov. 14, 2017) (citing O.C.G.A. § 9-11-4(f)(1)(A)).  Information to this effect must be submitted to the Court by affidavit.  O.C.G.A. § 9-11-4(f)(1)(A).  The Georgia Supreme Court has urged caution when considering a request for service by publication:

> Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

*Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983).  The Court must determine "whether the movant has exercised due diligence in pursuing every reasonably available channel of information."  *Id.*  This inquiry "includes ensuring that the movant has exhausted all channels of

information of which it was actually aware or could have become aware through the exercise of due diligence." *XP Electron Int'l Co., Ltd. v. First Citizens Bank & Tr. Co.*, No. 1:22-CV-4192-MHC, 2023 U.S. Dist. LEXIS 245745, 2023 WL 12015524, at *3 (N.D. Ga. Oct. 13, 2023).

Reo cites no legal authority supporting his request.  He has also made no attempts to serve Sledge.  Reo has not submitted an affidavit detailing how either Sledge or Jordan have departed from Georgia, cannot be found within the state, or detailing his due diligence in attempting to locate them.  His attempts to locate Sledge and Jordan are minimal and only include a single attempt to serve Jordan at an address associated with MJ Ministries.  (Doc. 6 at 147; Doc. 6-2 at 152.)  These actions do not constitute a sufficient showing of due diligence for the Court to approve service by publication.  *See Allstate Fire & Cas. Ins. Co. v. Daniels*, No. 1:17-CV-1724-WSD, 2017 U.S. Dist. LEXIS, 220348, 2017 WL 8809355, at *2 (N.D. Ga. Sept. 8, 2017) (declining to allow service by publication where plaintiff only attempted to serve defendant at his last known address on three attempts and all within the same week); *Progressive Mountain Ins. Co. v. Mobile Maint. on the Go, LLLP*, No. 1:20-CV-01665-JPB, 2020 U.S. Dist. LEXIS 258143, 2020 WL 10935928, at *2 (N.D. Ga. Oct. 13, 2020) (denying motion to serve by publication and finding that the plaintiff did not provide enough information for the court to determine if the plaintiff exercised due diligence in pursuing every reasonably available channel of information).

In New York, service by certified mail is not permitted on Manasseh Jordan and Manasseh Jordan Ministries.  "[S]ervice by certified mail is not a valid method of service on a corporate defendant or an LLC defendant under the CPLR." *Bass v. Pershing*, No. 25-CV-2478 (JGK), 2025 U.S. Dist. LEXIS 80414, 2025 WL 1224221, at *2 (S.D.N.Y. Apr. 24, 2025).  For individuals, "[c]ertified mail is not an adequate method of service under either New York or

federal law." *Murray v. Thomason*, No. 17 CV 7004 (VB), 2018 U.S. Dist. LEXIS 180056, 2018 WL 5113955, at *5 (S.D.N.Y. Oct. 19, 2018).  To be sure, when approved methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs."  N.Y. CPLR § 308(5); *see also* N.Y. CPLR § 311(b).  "The meaning of 'impracticable' depends on the facts and circumstances of a particular case.  But in general, [a] plaintiff must make some showing that the other prescribed methods of service could not be made."  *Cargill Fin. Servs. Int'l, Inc. v. Barshchovskiy*, No. 24 Civ. 5751 (LJL), 2024 U.S. Dist. LEXIS 170152, 2024 WL 4240998, at *4 (S.D.N.Y. Sept. 19, 2024) (cleaned up).  In his Motion, Reo made no argument for impracticability or why other acceptable means of service in New York could not be utilized.  His request for service by certified mail on Manasseh Jordan and Manasseh Jordan Ministries therefore fails.

For these reasons, Reo's Motion for Order Permitting Service by Publication is DENIED.

## III.  CONCLUSION

For the reasons stated above, Plaintiff Bryan Antony Reo's Motion for Order Permitting Service by Publication (Doc. 7) is DENIED.  All claims against Defendants Aaron Jordan, Steven Sledge, Yakim Manasseh Jordan, and Manasseh Jordan Ministries, Inc. are hereby DISMISSED without prejudice for failure to timely effect service of process.

**IT IS SO ORDERED.**

**Date:**  March 26, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE